**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL YOUNG,** | Case No. 1:19 CV 416 |
| Petitioner, | Judge James Gwin |
| v. | Magistrate Judge James R. Knepp II |
| **WARDEN DAVID GRAY,** | |
| Respondent. | **REPORT AND RECOMMENDATION** |

## INTRODUCTION

Petitioner Michael Young ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden David Gray ("Respondent") filed a Motion to Dismiss (Doc. 6), and Petitioner filed a response (Doc. 9). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated February 27, 2019). For the reasons discussed below, the undersigned recommends Respondent's motion (Doc. 6) be GRANTED and the Petition (Doc. 1) be DISMISSED as untimely-filed.

## FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state

court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. The Ohio Eighth District Court of Appeals set forth the following facts on direct appeal:

> {¶ 2} On August 17, 2012, Young was charged with a 66–count indictment. On November 30, 2012, he entered into a plea agreement wherein he pleaded guilty to the following charges: (1) Counts 1 to 3—pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(2); (2) Counts 4 through 42—pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); (3) Counts 58 to 61—illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1); (4) Counts 62 to 65—voyeurism, in violation of R.C. 2907.08(C); and (5) Count 66—possessing criminal tools, in violation of R.C. 2923.24(A). Each count included a forfeiture specification under R.C. 2941.1417(A). As a result of the plea agreement, the state dismissed 15 counts of pandering sexually oriented matter involving a minor (Counts 43 through 57), as well as Cuyahoga C.P. No. 12–563589, which consisted of 20 counts of similar charges.
>
> {¶ 3} The trial court sentenced Young on December 28, 2012, to a total term of imprisonment of 21 years and 11 months. Specifically, the court sentenced Young as follows: (1) Counts 1 to 3—seven years on each count, to be served concurrently to each other; (2) Counts 4 through 42—seven years on each count, to be served concurrently to each other; (3) Counts 58 to 61—seven years on each count, to be served concurrently to each other; (4) Counts 62 to 65—11 months on each count, to be served concurrently to each other; and (5) Count 66—12 months. The trial court then ordered that the first four groups of counts listed above be served consecutively, and Count 66 shall be served concurrently with the aforementioned counts. The court also ordered no contact with the victim.
>
> {¶ 4} These charges stem from an alert received by the Internet Crimes Against Children Task Force ("ICAC") that a computer was making three files available for download that included videos of prepubescent females engaging in sexual acts. Following a thorough investigation, the ICAC determined that the computer was located at Young's residence. The ICAC executed a search warrant on Young's residence and, upon execution, discovered a locked safe contained in a locked room. The safe contained a camera and various media storage devices, hard drives, and flash drives that contained multiple images and videos of child pornography, some of which included hard core pornography titles. The investigation revealed that the camera had been placed in a boot box in the master bathroom that was used to videotape Young's girlfriend's 17–year–old daughter in the shower and in various stages of undress. The ICAC also discovered computer equipment and weapons in the locked room.

*State v. Young*, 2013 WL 6571837, at *1 (Ohio Ct. App.) ("*Young I*") (footnote omitted) .

**PROCEDURAL HISTORY**

State Court Conviction

In August 2012, a Cuyahoga County grand jury issued an indictment charging Petitioner with 66 counts; the charges included 57 counts of pandering sexually-oriented matter involving a minor, four counts of illegal use of a minor in nudity-oriented material or performance, four counts of voyeurism, and one count of possessing criminal tools. (Ex. 1, Doc. 6-1, at 3-68). Petitioner initially pleaded not guilty. (Ex. 2, Doc. 6-1, at 69).

In November 2012, Petitioner withdrew his not guilty plea and entered a guilty plea to 42 charges of pandering sexually-oriented matter involving a minor, four charges of illegal use of a minor in nudity-oriented material or performance, four counts of voyeurism, and one count of possessing criminal tools. (Ex. 3, Doc. 6-1, at 70). The remaining counts were nolled. *Id.* On the same day, the charges in another case were dismissed "upon request of the prosecutor." (Ex. 19, Doc. 6-1, at 268) (Docket in Case No. CR-12-563589-A); *see also Young I*, 2013 WL 6571837, at *1 ("As a result of the plea agreement, the state dismissed 15 counts of pandering sexually oriented matter involving a minor (Counts 43 through 57), as well as Cuyahoga C.P. No. 12–563589, which consisted of 20 counts of similar charges.").

On December 28, 2012, the trial court sentence Petitioner to an aggregate term of 21 years, 11 months imprisonment. (Ex. 4, Doc. 6-1, at 72).[1]

---

1. The court sentenced Petitioner to seven years imprisonment on Counts 1 to 3 (to be served concurrently); seven years on Counts 4 to 42 (to be served concurrently); seven years on Counts 58 to 61, 11 months on Counts 62 to 65 (to be served concurrently), and 12 months on Count 66. (Ex. 4, Doc. 6-1, at 72). The sentences imposed on Counts 1 to 3, Counts 4 to 42, Counts 58 to 61, and Counts 62 to 65 were ordered to be served consecutively to one another; the sentence for Count 66 was ordered to be served concurrently to all other sentences. *Id.*

Direct Appeal

In January 2013, Petitioner filed a timely notice of appeal to the Ohio Eighth District Court of Appeals. (Ex. 5, Doc. 6-1, at 75). In his counseled merit brief, Petitioner raised three assignments of error:

1. The trial court's imposition of consecutive sentences totaling 22 years for imprisonment for child pornography was contrary to law.

2. The trial court abused its discretion in sentencing defendant to 22 years of imprisonment for child pornography.

3. The trial court erred in imposing sentences upon defendant for offenses which were allied.

(Ex. 6, Doc. 6-1, at 82-99). The State filed a brief in response (Ex. 7, Doc. 6-1, at 104-19), and on December 12, 2013, the appellate court affirmed the trial court's judgment (Ex. 8, Doc. 6-1, at 120-40); *Young I*, 2013 WL 6571837. Petitioner did not file an appeal to the Ohio Supreme Court. *See* Ex. 21, Doc. 6-1, at 275 (docket sheet).

Motion to Withdraw Guilty Plea

In June 2016, Petitioner filed a motion to vacate his guilty plea (with accompanying exhibits), under seal with the trial court. *See* Ex. 9, Doc. 6-1, at 142 (notice of filing under seal); Doc. 11 (copy of motion filed under seal with this Court). The State filed a brief in opposition. (Ex. 10, Doc. 6-1, at 145-67). On August 8, 2016, the trial court summarily denied Petitioner's motion to vacate his guilty plea. (Ex. 11, Doc. 6-1, at 169).

Petitioner filed a timely appeal of this decision. (Ex. 12, Doc. 6-1, at 170). In his counseled merit brief, Petitioner raised two assignments of error

1. Mr. Young received ineffective assistance of counsel in connection with his guilty plea and at sentencing.

4

> 2. The trial court abused its discretion by failing to allow the appellant to withdraw his guilty plea where the evidence he submitted in support of the motion established a manifest injustice.

(Ex. 13, Doc. 6-1, at 177-202). The State filed a brief in opposition. (Ex. 14, Doc. 6-1, at 205-26).

On June 29, 2017, the appellate court affirmed the trial court's judgment. (Ex. 15, Doc. 6-1, at 238-47); *State v. Young*, 2017 WL 2817583 (Ohio Ct. App.) ("*Young II*"). Therein, it found Petitioner's first assignment of error – regarding ineffective assistance of trial counsel – barred by *res judicata*, and his second assignment of error meritless. *Id.* Petitioner filed a timely appeal of this decision to the Ohio Supreme Court (Ex. 16, Doc. 6-1, at 248-49), raising a single proposition of law:

> 1. Trial counsel provides ineffective representation when he encourages a client to enter a guilty [plea] by grossly underestimating his sentencing exposure and by then failing to access and present evidence that would convince the court that a lesser sentence was justified, and a defendant who enters a guilty plea in reliance on that attorney's representations should be granted leave to withdraw his plea.

(Ex. 17, Doc. 6-1, at 250-66). On February 28, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Ex. 18, Doc. 6-1, at 267).

## FEDERAL HABEAS CORPUS

In his Petition, filed February 25, 2019, Petitioner raises a single ground for relief:

**GROUND ONE:** Ineffective assistance of counsel at the guilty plea and sentencing stages.

(Doc. 1, at 6); *see also* Doc. 1-1, at 4 ("Trial counsel failed to provide effective representation to Petitioner during the change of plea and sentencing stages of his case and thereby violated his rights under the Sixth and Fourteenth Amendments of the US Constitution.").

5

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

**DISCUSSION**

Respondent argues the Petition should be dismissed as time-barred. (Doc. 6). Petitioner responds that the trial court's order summarily denying his motion to vacate his guilty plea "should trigger the federal limitations period in this case". (Doc. 9, at 5). For the reasons discussed below, the undersigned recommends the Petition be dismissed.

<u>AEDPA Statute of Limitations</u>

The AEDPA provides for a one-year statute of limitations during which a prisoner in state custody may file a petition for habeas relief in federal court. 28 U.S.C. § 2244(d)(1). The limitation period begins with any of the following scenarios, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Cases become final for purposes of § 2244(d)(1)(A) when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

Petitioner's judgment in the instant case became final on January 26, 2014, 45 days after the appellate court affirmed the trial court's judgment. *See* Ex. 8, Doc. 6-1, at 120-40 (appellate

7

court judgment dated December 12, 2013); *see also* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(i) (setting deadline of 45 days in which to seek review of appellate decision). Absent a basis for a different start date or tolling, the statute of limitations expired on year later on January 26, 2015. He filed his habeas Petition on February 25, 2019, over five years after his judgment became final. *See* Doc. 1.

Citing Ninth Circuit caselaw, Petitioner contends: "Given the new evidence underpinning [the Rule 32 motion to vacate], evidence which fundamentally altered the claims [Petitioner] raised in his direct appeal, the Court's order summarily denying that motion should trigger the federal limitations period in this case." (Doc. 9, at 5) (citing *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017) and *McLaughlin v. Laxalt*, 665 F. App'x 590 (9th Cir. 2016)). But the Sixth Circuit has held that filing a motion to withdraw a guilty plea in Ohio does not serve to restart the AEDPA's one-year statute of limitations or otherwise alter the date on which a conviction becomes final under § 2244(d)(1)(A). *Eberle v. Warden*, 532 F. App'x 605, 608-09 (6th Cir. 2013)[2]; *see also Reid v. Erdos*, 2017 WL 10717328, at *5 (N.D. Ohio), *report and recommendation adopted*, 2018 WL 6380308; *Houston v. Coleman*, 2017 WL 4174799, at *7 (N.D. Ohio), *report and recommendation adopted*, 2017 WL 4158882.

---

2. The *Eberle* court explained:

> But if Eberle's view were the law—if after AEDPA's statute of limitations had fully expired it could be restarted when a petitioner filed a motion to withdraw his guilty plea, even where, as here, the state places no deadline on its filing, *see State v. Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522, 525–26 (2002)—habeas petitioners could indefinitely extend the limitations period by delaying the filing of a withdrawal motion. This reading flushes the meaning out of AEDPA's one-year statute of limitations and upends the statute's goal of heading off unwarranted delay.

532 F. App'x at 609.

And, moreover, the Ninth Circuit cases cited by Petitioner are distinguishable. In *Smith*, the court held that the AEDPA statute of limitations re-started when a second amended judgment in the petitioner's case was issued. 871 F.3d at 688 ("[T]he state trial court entered an amended judgment. This was a new judgment, starting a new one-year statute of limitations."). The Sixth Circuit has held similarly. *See Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) ("[A] new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge the judgment."). But that is not what happened here. Petitioner did not receive a new sentence or a new judgment when the trial court denied his motion to withdraw his guilty plea.

The other case cited by Petitioner, *McLaughlin*, addressed the use of ineffective assistance of state post-conviction counsel as cause and prejudice to overcome the procedural default of an underlying ineffective assistance of counsel claim. 665 F. App'x at 592. But Petitioner here does not allege his counsel in state court on the motion to withdraw guilty plea was ineffective.[3] Rather, he more broadly asserts that the state court was wrong and his failure to bring his claim earlier should be excused. *McLaughlin* does not address the statute of limitations and is inapplicable here.

Although Petitioner does not cite § 2244(d)(1)(D), as noted above he does seek a later start date to his statute of limitations period. Under this subsection, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner "must show that he *could not have* discovered the factual predicate for his habeas claim earlier through the exercise of due diligence." *Bey v. Capello*, 525 F. App'x 405, 408 (6th Cir. 2013) (emphasis added) (citing *DiCenzi v. Rose*,

---

3. Indeed, Petitioner's attorney in the state proceeding on the motion to withdraw guilty plea is the same attorney representing Petitioner before this Court.

9

452 F.3d 465, 471 (6th Cir. 2006)). That is, "[t]he burden of showing due diligence rests with the petitioner." *Shorter v. Richard*, 659 F. App'x 227, 232 (6th Cir. 2016) (citing *McSwain v. Davis*, 287 F. App'x 450, 454-55 (6th Cir. 2008)).

Here, Petitioner asserts that none of the information upon which his motion to vacate his guilty plea was based (his history of childhood sexual abuse, post-traumatic stress, an addiction to painkillers, affidavits stating that he entered his guilty plea based on misinformation from his counsel, and sentencing data) "was available at the time of the guilty plea and could not have been presented on direct appeal." (Doc. 9, at 4). And, he further asserts that "[s]ince the moment the trial court sentenced him, [Petitioner] has worked to convince attorneys and any court that would listen, that, in getting [Petitioner] to enter a guilty plea to the underlying charges, his trial counsel misled him." *Id.* at 1. The factual predicate for Petitioner's instant claim is that his counsel was ineffective in advising him about his sentence, and ineffective in presenting mitigation evidence that – he contends – would have resulted in a lighter sentence. Although this evidence was not in the record at the time of sentencing, it was certainly available at that time. The undersigned finds Petitioner has not shown "that he could not have discovered the factual predicate for his habeas claim earlier [than he did] through the exercise of due diligence." *Bey*, 525 F. App'x at 408. As such, he is not entitled to a later start date for the limitations period under § 2244(d)(1)(D).

Thus, the Petition remains time-barred unless Petitioner can show a basis for equitable tolling.[4]

---

4. Statutory tolling does not assist Petitioner in this case. Although Petitioner correctly points out that a properly filed application for state post-conviction or other collateral review tolls the one-year AEDPA statute of limitations, 29 U.S.C. § 2244(d)(2), and that his motion to vacate his guilty plea was not untimely under state law, here, Petitioner's motion was filed *after* the AEDPA statute of limitations had already expired. Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not

*Equitable Tolling*

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit has explained that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Vroman*, 346 F.3d at 604 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

Petitioner does not explicitly argue for equitable tolling, but his argument sounds in equity. In response to a question about the timeliness of his Petition, Petitioner states that his conviction was affirmed on December 12, 2013, and his motion to vacate his guilty plea "was not filed until" June 6, 2016. (Doc. 1, at 14). He notes – seemingly in reference to procedural default, rather than timeliness – that "[t]he delay between those two events appears to render [his] ineffective assistance of counsel claim defaulted." *Id.* However, he contends, "because that default was occasioned by the collective failures of all counsel at every available opportunity, this Court should

---

yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).

excuse the delay and consider the claim's merits." *Id.* In response to the Motion to Dismiss, Petitioner contends:

> This case does not involve a lack of diligence on [Petitioner's] part. Nor did he lack knowledge or notice of filing requirements. But the idea that [Petitioner] had control over this delay, the legal grounds upon which this petition is based, or accumulating and properly presenting the evidence upon which that petition relies is false, bordering on the absurd. [Petitioner] has been in prison, he barely has access to a law library, let alone an expert who can evaluate him psychologically.
>
> Since the moment the trial court sentenced him, [Petitioner] has worked to convince attorneys and any court that would listen, that, in getting [Petitioner] to enter a guilty plea to the underlying charges, his trial counsel misled him. But the plea and sentencing transcript did not reflect what, if anything, [Petitioner's] counsel had promised or whether [Petitioner] entered the plea based on misinformation. Following sentencing and his immediate remand to state custody[,] [Petitioner's] wherewithal to amass such evidence, as well as his ability to convince an attorney to assist him with presenting it, became an insurmountable challenge, at least in the short term.

(Doc. 9, at 1).

Although counsel presents a sympathetic argument about the barriers faced by Petitioner to having his underlying claim heard, it is well-settled in the Sixth Circuit that petitioner's *pro se* status is not sufficient to warrant equitable tolling. *See, e.g.*, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *see also Keeling v. Warden*, *Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("[W]e note that Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *Hall*, 662 F.3d at 751 (holding that prisoner's pro se status and lack of access to a law library was not an exceptional circumstance that justified equitable tolling).

Moreover, although Petitioner asserts that since his conviction, he has worked to convince lawyers that he was misled by his trial counsel, he did not raise any such claim in his counseled direct appeal. *See* Ex. 6, Doc. 6-1, at 82-99. Moreover, even if such a claim was based on evidence

12

outside the record and thus required by Ohio law to be raised through the post-conviction process, rather than direct appeal, *see, e.g.*, *Hill v. Mitchell*, 842 F.3d 910, 936 (6th Cir. 2016) (explaining Ohio's "dual-track" system for ineffective assistance of counsel claims), Petitioner has not shown an extraordinary circumstance to justify the two-and-a-half year delay from the time the appellate court affirmed his conviction on December 12, 2013 (Ex. 8, Doc. 6-1, at 120-40), and the filing of his motion to vacate his guilty plea two-and-a-half years later on June 17, 2016 (Ex. 9, Doc. 6-1, at 142). Petitioner's claim that counsel misled him into believing he would receive a shorter sentence was certainly known to him at the time he received his sentence.

Counsel asserts that, "[i]n the end, after a considerable amount of convincing by a colleague from the Federal Defender's Officer, undersigned counsel agreed to look into the case"; after reviewing available records and previously executed affidavits from both trial counsel and Petitioner's brother[5], current counsel ultimately agreed to work on the case in January 2016. (Doc. 9, at 2). At its shortest, this delay is still a delay of over two years (from the December 2013 appellate affirmance to counsel agreeing to take the case in January 2016). And at its core, this argument is that Petitioner was – during the intervening time – proceeding *pro se*. This is simply not an "extraordinary circumstance [that] stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations omitted); *see also Cobas*, 306 F.3d at 444; *Keeling*, 673 F.3d at 464; *Hall*, 662 F.3d at 751.[6] Rather, it is the circumstance faced by most habeas

---

5. These affidavits were executed in May and June 2015. *See* Doc. 11, at 31-32.
6. Moreover, the undersigned finds unpersuasive Petitioner's argument that "[i]f this Court agrees with the Warden's approach to this litigation, [Petitioner] was always in a catch-22 and was never going to be able to have the merits of his federal constitutional claims heard in this Court." (Doc. 9, at 3). Had Petitioner filed his state post-conviction motion earlier – before the expiration of the AEDPA statute of limitations (proceeding *pro se* if he could not find counsel) – the pendency of that motion would have tolled the statute of limitations. Or, Petitioner could have filed his habeas petition sooner and sought a stay of the federal proceedings while state remedies were exhausted. *See Pace*, 544 U.S. at 416 ("A prisoner seeking state postconviction relief might avoid this

petitioners. Because Petitioner has not shown an entitlement to equitable tolling of the statute of limitations, his Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.

Evidentiary Hearing

Petitioner requests an evidentiary hearing at which he can present evidence of his underlying ineffective assistance of counsel claim. (Doc. 9, at 7). But such a hearing would not affect the Court's resolution of the limitations issue. Accordingly, an evidentiary hearing is not appropriate. *See* Rule 8(a) of the Rules Governing Section 2254 Cases (evidentiary hearing appropriate only if petition is not dismissed, and required only where facts necessary to determination are outside the record). Therefore, Petitioner's request is denied. *See, e.g.*, *Carter v. MacLaren*, 2012 WL 1611255, at *1 (W.D. Mich) ("There is no need for an evidentiary hearing because Carter's entire habeas petition is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A)."); *Burden v. Bunting*, 2016 WL 5417834, at *6 (N.D. Ohio) ("Since, the petition is time-barred, an evidentiary hearing would be moot; thus, Petitioner's request is DENIED."), *report and recommendation adopted*, 2016 WL 5405296.

**CONCLUSION AND RECOMMENDATION**

Following review, and for the reasons stated above, the Court recommends Respondent's Motion (Doc. 6) be GRANTED and the Petition (Doc. 1) be DISMISSED as untimely.

s/ James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time

---

predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.").

WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).